FILED
CHARLOTTE, NC

NOV 21 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISCELLANEOUS ORDER 3:11-mc-178

| | |
|---|---|
| IN RE: ) | |
|    CONDITIONS OF PROBATION ) | **ORDER** |
|    AND SUPERVISED RELEASE ) | |
| ) | |
| ) | |
| _____ ) | |

THIS MATTER is before the Court to review the existing standard conditions of probation and supervised release in force in this District, as authorized by 18 U.S.C. 3563 and 3583, respectively, and to add to them certain conditions heretofore commonly imposed as special conditions, in order to promote uniformity and to expedite the sentencing process.

IT IS, THEREFORE, ORDERED as follows:

1. The defendant shall not commit another federal, state, or local crime;

2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

3. The defendant shall pay any financial obligation imposed by this Judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court;

4. The defendant shall provide access to any personal or business financial information as requested by the probation officer;

5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer;

6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer;

7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from the custody of Bureau of Prisons;

9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

10. The defendant shall support his or her dependents and meet other family responsibilities;

11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer;

12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician;

14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18 U.S.C. 3563(a)(5) or 18 U.S.C. 3583(d), respectively. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.

15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

17. The defendant shall submit his or her person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises, vehicles, or electronic devices may be subject to searches pursuant to this condition;

18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer;

19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer;

20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

22. If the instant offense was commited on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty;

23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer;

24. The defendant shall cooperate in the collection of DNA as directed by the probation officer;

25. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

**IT IS FURTHER ORDERED** that the probation officer shall provide each defendant with a written statement that sets forth all the conditions to which the sentence of probation or term of supervised release is subject, and that is sufficiently clean and specific to serve as a guide for the defendant's conduct and for such supervision as is required, as set forth in 18 U.S.C. 3583(d) and 3583(f), respectively.

**IT IS FURTHER ORDERED** that this Order shall supersede any previous order of the Court establishing standard conditions of probation or supervised release.

THIS _22_ day of _November_, 2011.

_____
Robert J. Conrad, Jr.
Chief United States District Court Judge

_____
Richard L. Voorhees
United States District Court Judge

_____
Frank D. Whitney
United States District Court Judge

_____
Martin Reidinger
United States District Court Judge

_____
Max O. Cogburn, Jr.
United States District Court Judge

_____
Graham C. Mullen
Senior United States District Court Judge